UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————
UNITED STATES OF AMERICA,   )
                            )   07-CR-522
       v.                   )
                            )   Statement of Reasons Pursuant to
                            )   18 U.S.C. § 3553(c)(2)
                            )
BARRY SAINES,               )
                            )
              Defendant.    )
——————————————————————

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 11, 2007, Barry Saines pled guilty to a single-count information, which charged that between January 2001 and December 2002, the defendant, for the purposes of evading the reporting requirements of 31 U.S.C. § 5313(a), structured, assisted in structuring, and attempted to structure transactions with one or more domestic financial institutions, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(1).

Saines was sentenced on June 17, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be fifteen and defendant's criminal history category to be three, yielding a guidelines range of imprisonment of between twenty-four and thirty months. Pursuant to section 5K1.1 of the United States Sentencing Guidelines, the government submitted a letter describing Saines's substantial assistance and recommending that the court depart downward from the guidelines range. The offense carried a maximum term of imprisonment of five years. See 31 U.S.C. § 5324(d)(1). The guidelines range of fine was from $4,000 to $40,000.

Saines was sentenced to three years probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's letter submitted under section 5K1.1 of the United States Sentencing Guidelines.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). While the offense is serious, the defendant has demonstrated rehabilitation during the previous two years of supervision. His presence at home will allow him to continue to care for his wife, who is severely ill. A sentence of three years probation reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal structuring of financial transactions will result in a substantial penalty. Specific deterrence is of minimal necessity with respect to this defendant. It is unlikely that he will engage in further criminal activity in light of his mature age, his cooperation with government authorities, and his family circumstances.

Jack B. Weinstein
Senior United States District Judge

Dated: June 29, 2009
Brooklyn, New York